CONSULTING CONTRACT AWARDS — EXPENSES REGULATED BY STATE LAW (1) Where consulting contracts are given to public entities such as cities, towns, and counties, and a combination of federal, state and local funds are expended, state regulations concerning travel and per diem should govern. (2) Where state, federal, and local funds are utilized in a consulting contract awarded to one of the various economic development districts, the state should be responsible for controlling payment of travel and per diem subject to a provision of the contract shifting the responsibility to another body. The Attorney General has considered your letter of May 4, 1971, in which you, in effect, ask the following question: Where consulting contracts are given to public entities such as cities, towns, and counties, and a combination of Federal, State, and local funds are expended, what regulations — State, or Federal — concerning travel and per diem expenses govern? In your letter you further described situations which arise wherein contracts are awarded to one of "the various economic development districts, which are not governed by the Municipal Corporation law or the laws governing counties or even the laws, rules and regulations governing state agencies, but yet are organized pursuant to Oklahoma Law." You ask the following question: "In this situation, which level of Government controls the payment of per diem and travel for services rendered by these entities?" Relative to your first question, 74 O.S. 500.2 [74-500.2] (1961) entitled "Reimbursable Expenses" states: "Traveling expenses which will be reimbursed by the State, shall be confined to the expenses essential to the transaction of official State business." The Office of Community Affairs and Planning, created in 1970, was specifically authorized under 74 O.S. 1508 [74-1508] (1970), to administer and coordinate those "activities which have an impact on the solution of community development problems and the implementation of community plans." Since the Office of Community Affairs and Planning is a statutory body established by Ch. 41, 74 O.S. Supp. 1970, projects under its direction in which a combination of State, Federal and local funds are expended appear to qualify under 74 O.S. 500.2 [74-500.2] (1961), as "official State business." The difficulty here lies in the fact that State and Federal regulations provide for different levels of payments for travel and per diem expenses. The State standards under 74 O.S. 500.5 [74-500.5] (1970) and 74 O.S. 500.8 [74-500.8] provide for mileage expenses not to exceed nine cents (9c) per mile and per diem within the State not to exceed Ten Dollars ($10.00) per day, respectively. The Federal standards, on the other hand, under 5 U.S.C.A. 5703 and5 U.S.C.A. 5704, allow up to twelve cents (12c) per mile and Twenty-Five Dollars ($25.00) per day, respectively, for the same activities. Other agencies have faced the same problem as a result of state control over the disbursement of federal funds. Attorney General's Opinion No. 68-175 dealt with this issue in connection with the Division of Economic Opportunity. At that time the Division administered exclusively federal monies, receiving no State appropriated funds. Based upon the facts that the Division was organized as a part of the Office of the Governor and that its disbursements were made on State warrants, the Attorney General held that State standards for payment of allowances should apply to it. Title 74 O.S. 500.14 [74-500.14] (1961), as follows, was found to be controlling: "The provisions of this Act 74 O.S. 500.1 [74-500.1] — 74 O.S. 500.14 [74-500.14], as amended shall be mandatory as to all officials and employees of all departments, boards, commissions, and institutions, regardless of the provisions of any other prior Act of the Legislature." No Act has superseded this one by way of limiting its application, and it appears that the rationale of the earlier opinion applies directly to the present situation. In this case, the disbursing agency, the Office of Community Affairs and Planning, is a statutory body clearly within the contemplation of the language of 74 O.S. 500.14 [74-500.14] (1961), supra. Also, the Office receives State appropriated funds which it administers in combination with federal and local monies. Moreover, 74 O.S. 1508 [74-1508] (1970), in outlining "Community affairs functions and responsibilities", states in relevant part, that the Office should: "Where not otherwise authorized by state law, provide state financial participation with cities, towns, counties, and other municipal corporations in financing public works projects and service programs. The assisted projects and programs shall be consistent with local, regional and state comprehensive plans and policies." The sections from the HUD Comprehensive Planning Assistants Handbook II, "Managing a Grant" serve to further reinforce the conclusion that state practices should control in this situation. Section 2 (a), page 6, Adoption of State or Municipal Policies, states in relevant part: "When the Planning Agency is a unit of a state of local government, and its administrative practices are governed by state or municipal regulations similarly applicable to all other agencies and all other employees of that governing unit, the Planning Agency must submit a statement to the HUD Regional Office that it is following the State or municipal regulations with respect to administrative practices." Section 8(a)(1), page 9, under Reimbursement for Use of Privately Owned Vehicles dealing with travel expenses specifically provides: "Mileage basis. The Planning Agency may reimburse employees on a mileage basis at a rate not in excess of that paid by the local or state government." And Section 9, page 10, under Subsistence and Other Expenses (Requirement) which sets out the federal standards for per diem provides in 9 (c): "If the regulations of the local or state government provide for a limitation on actual subsistence expense or per diem in lieu of subsistence which is lower than that set forth above, costs charged against the planning grant contract should not include more than the limitation." With regard to your second question, any expenses paid by the Office of Community Affairs and Planning would be controlled by state requirements, especially if the project is organized "pursuant to Oklahoma Law." A contract with an economic development district appears to be no exception. Title 74 O.S. 1508 [74-1508] (1970), in part, provides that the Office of Community Affairs and Planning should: "Cooperate with and provide technical and financial assistance to counties, cities, municipal corporations, and agencies owned and controlled by them, governmental conferences or councils, regional planning commissions, community development groups, community action agencies, Indian tribes, and similar agencies created for the purposes of aiding and encouraging an orderly, productive and coordinated development of the state, and to strengthen local planning responsibility and capability." Even if the economic development districts would not qualify under one of the other specific categories, they would appear to be subsumed in the category of "similar agencies." Thus, there is no indication that the Legislature intended any class of work done by the Office of Community Affairs and Planning to be governed by different regulations concerning travel expenses and per diem. In some circumstances an entity other than the State Government may be responsible for payment of travel and per diem. Title 74 O.S.Supp. 1505 (1970), authorizes the Director of the Office of Community Affairs and Planning to "enter into contracts of behalf of the State", and thus gives him certain discretion to determine the contractual obligations and responsibilities of the State. He can, subject to the Administrative Procedures Act, 75 O.S. 301 [75-301] — 75 O.S. 327 [75-327] (1970), and where applicable federal and local laws would allow it, obligate his agency for some expenses in a consulting project but shift the responsibilities for travel and per diem charges to another party to the contract. Under such circumstances, the actual provisions of the contract would indicate which body was responsible for these expenses. Where, however, consulting contracts contain no such provision, the presumption would appear to be that the State is responsible for these allowances. The funds involved, even if complemented by federal or local monies, are expended on state warrants and administered under the direction of a state agency on projects organized pursuant to state law. While it is, therefore, within the authority of the Office of Community Affairs and Planning to shift the responsibility for travel expenses and per diem, in connection with consulting contracts with various economic development districts, this should be done by explicit provision. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: Where consulting contracts are given to public entities such as cities, towns, and counties, and a combination of federal, state and local funds are expended, state regulations concerning travel and per diem should govern. It is further the opinion of the Attorney General that your second question be answered as follows: Where state, federal, and local funds are utilized in a consulting contract awarded to one of the various economic development districts, that the state should be responsible for controlling payment of travel and per diem subject to a provision of the contract shifting the responsibility to another body. (Robert H. Mitchell)